# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **THOMAS ABREU, JR.,** | : | |
| Petitioner | : | CASE NO. 3:16-CR-11 |
| v. | : | (MANNION, J.) |
| **UNITED STATES OF AMERICA** | : | |
| Respondent | : | |

## **MEMORANDUM**

Pending before the court is petitioner Thomas Abreu, Jr.'s ("Abreu") *pro se* Motion to Vacate, Set Aside or Correct, his 93-month sentence to imprisonment imposed on October 14, 2016. (Doc. 57). Abreu pleaded guilty to heroin trafficking and possessing a firearm in furtherance of his drug trafficking. Abreu is currently serving his prison sentence at FCC-Petersburg in Virginia. Abreu's motion is filed pursuant to 28 U.S.C. §2255 and is based upon ineffective assistance of counsel claims against his trial counsel. Abreu claims that his counsel was ineffective by allowing him to plead guilty to the firearms charge. He contends that his trading heroin for firearms did not constitute a violation 18 U.S.C. §924(c) since his conduct did not qualify as the "use" of a firearm and since he had not yet possessed the firearms when he was arrested. Upon the court's review of the record in this case, Abreu's motion and traverse, as well as the government's response, Abreu's motion will be **DENIED** without the need for an evidentiary hearing.

1

**I.   BACKGROUND**[1]

On June 21, 2016, Abreu pled guilty to possessing with the intent to distribute heroin, in violation of 21 U.S.C. §841(a)(1), and to possessing firearms in furtherance of drug trafficking, in violation of 18 U.S.C. §924(c). In his signed plea agreement and acknowledgment of rights waived, Abreu admitted that the firearms charge related to the "possession of a firearm in furtherance of a drug trafficking offense." (Docs. 19 & 22). Further, in the acknowledgment of rights form, Abreu stipulated that he "actually or constructively possessed th[e] firearms in furtherance of his narcotics trafficking activities", namely, a Taurus Judge, a Browning Buckmark and a Glock 22.

During his guilty plea hearing, (Doc. 63-1), the government stated that Abreu's firearms plea was to "the possession of a firearm in furtherance of a drug trafficking case", and Abreu admitted to these facts. Abreu also specifically agreed, when asked by the court, that he possessed the firearms, and that he was forfeiting the firearms. Abreu had ample opportunity during his guilty plea hearing to contest these facts but he did not do so.

As a result of his guilty plea, the government dismissed the two remaining counts in the indictment, namely, Count 3, which charged Abreu

---

[1]Since the complete factual background of this case is detailed by the parties in their respective filings as well as the exhibits submitted by the government, it shall not be fully repeated herein. The court also notes that Abreu does not dispute the background as stated by the government in its brief, which is supported by the record. (Doc. 63).

with being a prohibited person in possession of a firearm, and Count 4, which charged him with being in possession of a stolen firearm.

On October 14, 2016, Abreu was sentenced to an aggregate term of 93 months of imprisonment, i.e., 60 months for the firearms charge and 33 months for the heroin trafficking charge. (Doc. 44). During his sentencing hearing, Abreu again had the opportunity to challenge the fact that he possessed firearms in furtherance of his drug trafficking activities but he failed to raise any objection. (Doc. 63-2). Based on the record, the government states that "there could be little doubt in [Abreu's] mind that the firearms charge was premised on a theory that he possessed—not used or carried—the firearms in furtherance of his trafficking activities; an allegation that he agreed with uniformly at every stage of his prosecution." (Doc. 63 at 5).

Abreu did not file an appeal with the Third Circuit regarding his judgment of conviction.

On October 13, 2017, Abreu filed his instant motion pursuant to 28 U.S.C. §2255 seeking to vacate his sentence regarding his firearms conviction. (Doc. 57). Abreu does not challenge his drug trafficking conviction and sentence. The motion has been briefed by the parties.

## II. STANDARD

When a district court judge imposes a sentence on a defendant who believes "that the sentence was imposed in violation of the Constitution or

3

laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, [the defendant] may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. §2255, ¶1; *see* United States v. Eakman, 378 F.3d 294, 297-98 (3d Cir. 2004).

The rule states that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." *See* United States v. Bendolph, 409 F.3d 155, 165 n. 15 (3d Cir. 2005) (stating district courts have the power to dismiss petitions *sua sponte* during the Rule 4 stage of habeas proceedings).

A §2255 motion "is addressed to the sound discretion of the district court." United States v. Williams, 615 F.2d 585, 591 (3d Cir. 1980). "[A] motion under 28 U.S.C. §2255 is the proper procedure for a federal prisoner to raise a collateral attack on his or her federal sentence for any error that occurred at or prior to sentencing." Paulino v. U.S., 2010 WL 2545547, *2 (W.D.Pa. June 21, 2010)(citations omitted). "In order to prevail on a §2255 motion to vacate, set aside, or correct a sentence, a Petitioner must show '(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid.'" U.S. v. Bates, 2008 WL 80048, *2 (M.D.Pa. Jan. 7, 2008)(quoting Mallet v. U.S., 334 F.3d 491, 496-97 (6th Cir.

4

2003)). "The petitioner bears the burden of proof under §2255 and must demonstrate his right to relief by a preponderance of the evidence." U.S. v. Ayers, 938 F.Supp.2d 108, 112 (D.D.C. 2013)(citation omitted). Abreu's instant claims fall within the purview of §2255 since they challenge the validity of his sentence regarding his firearms conviction. Bates, 2008 WL 80048, *3 ("Claims of ineffective assistance of counsel may be brought in the first instance by way of a §2255 motion regardless of whether the movant could have asserted the claim on direct appeal.")(citing Massaro v. U.S., 538 U.S. 500, 504, 123 S.Ct. 1690 (2003)).

The Sixth Amendment to the United States Constitution guarantees a criminal defendant "the assistance of counsel for his defense." U.S. Const. amend. VI. The U.S. Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984) established a two-prong test to evaluate the effectiveness of the assistance of counsel. In the first prong, the defendant must show "that counsel's performance was deficient," id., 687, and must prove this by "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. In addition, the defendant must show that "counsel's representation fell below an objective standard of reasonableness." Id., 687-88.

> A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation,

> a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy.

Id., 689.

In the second prong, a defendant must show that counsel's deficient performance "prejudiced the defense," because "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id., 687. "It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding. Virtually every act or omission of counsel would meet that test, cf. United States v. Valenzuela–Bernal, 458 U.S. 858, 866–867 (1982), and not every error that conceivably could have influenced the outcome undermines the reliability of the result of the proceeding." Id., 693. Rather, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id., 694. Thus, to state a successful claim for ineffective assistance of counsel, petitioner must show "both that counsel's performance was deficient, and that the deficiency prejudiced the defense." Wiggins v. Smith, 539 U.S. 510, 521, 123 S.Ct. 2527 (2003). "A failure to make the required showing on either prong defeats a defendant's ineffective assistance of counsel claim." Ayers, 938 F.Supp.2d at 113 (citing Strickland, 466 U.S. at 700).

6

### III. DISCUSSION

The court analyzes Abreu's claim of ineffective assistance of counsel using the two-pronged approach prescribed in *Strickland*.[2] Abreu must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" Strickland, 466 U.S. at 689. No doubt, the key to a knowing and voluntary guilty plea is the effective assistance of competent counsel. *See* Boyd v. Waymart, 579 F.3d 330, 349 (3d Cir. 2009)(citations omitted).

In his §2255 motion, Abreu requests the court to reduce his 93-month sentence basically by eliminating the 60 months he received for the firearms charge. He bases his motion on his claim of ineffective assistance of counsel arguing that his counsel should not have allowed him to plead guilty to the firearms offense since his admitted conduct of trading heroin for three firearms, as a matter of law, did not qualify as a §924(c) violation. Abreu claims that his guilty plea was involuntary in light of his counsel's alleged misguided advice and that he did not violate §924(c) since it contains

---

[2]Despite the fact that Abreu did not raise his instant claims in a direct appeal, he is not procedurally barred from collaterally attacking his sentence under §2255 since ineffective assistance of counsel claims are an exception to the general rule of procedural default. Massaro v. United States, 538 U.S. 500, 504 (2003). In fact, "ineffective assistance of counsel claims are generally not considered on direct appeal." Rather, "they are more commonly brought in a collateral proceeding, such as through a post-conviction 28 U.S.C. §2255 motion to vacate." United States v. Washington, 869 F.3d 193, 202 (3d Cir. 2017) (citation omitted).

7

elements that his conduct did not meet, i.e., it makes unlawful the conduct of "any person who, during and in relation to any ... drug trafficking crime ... uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm...."

Abreu relies upon the case of Watson v. United States, 552 U.S. 74, 128 S.Ct. 579 (2007). "In *Watson*, the defendant negotiated the purchase of a semi-automatic pistol from an undercover law enforcement agent. He paid for the weapon with OxyContin tablets. He was subsequently arrested and convicted of using the pistol during and in relation to a drug trafficking crime." Larios v. U.S., 2010 WL 3816193, *2 (E.D.Tx., July 20, 2010).The Supreme Court held that "a person who receives a firearm in exchange for drugs has not used the firearm as part of the transaction." *Id*.; *see also* Rinaldi v. Allenwood, 646 Fed.Appx. 202, 203 (3d Cir. 2016) (in *Watson*, the Supreme Court held that "an individual who trades drugs for a gun does not 'use' a firearm for purposes of §924(c)"). As such, Abreu contends that despite the fact that he admitted he received firearms in exchange for heroin this does not constitute "use" of the firearms "during and in relation to a drug trafficking crime" under 18 U.S.C. §924(c).

Even though the Supreme Court in *Watson* "overturned [the defendant's] conviction because he had been charged only with the use of a firearm in relation to a drug trafficking crime, the Court did not address whether [the defendant] could have been convicted for possessing the firearm in furtherance of such a crime." Larios, 2010 WL 3816193, *2; *see also*

8

Morsley v. Holt, 2014 WL 2941221, *4 (M.D.Pa. June 30, 2014) (In *Watson*, "the Supreme] Court [was not] confronted with the question of whether one who trades guns in order to obtain drugs or one who trades drugs in order to obtain guns 'possesses' or 'carries' (as opposed to 'uses') a 'firearm' in furtherance of" a 'drug trafficking crime' within the meaning of Section 924(c)."); Winkelman v. Longley, 2011 WL 7025927, *7 (W.D.Pa. Nov. 9, 2011) ("In the *Watson* case, the question presented was whether a criminal who trades his drugs in order to obtain a gun, 'uses' a firearm during and in relation to a drug trafficking crime within the meaning of Section 924(c)(1)(A).").

Abreu's case is easily distinguishable from the *Watson* case since Abreu was not just convicted of using firearms in relation to the drug trafficking offense, rather he was also convicted of possessing firearms in connection with the drug trafficking offense. "As the Supreme Court did not rule whether a defendant who came into possession of a firearm ... by trading drugs for it could be convicted of possessing a firearm in connection with a drug trafficking offense, *Watson* has no relevancy to the question of whether petitioner possessed a [firearm] and does not establish petitioner was convicted of a nonexistent offense." *Id*. In the present case, Abreu was charged in Count Two of the indictment with possessing three firearms in furtherance of heroin trafficking. (Doc. 1). The indictment did not charge him with the "use" or "carry" prongs of §924(c). Further, as discussed above, Abreu repeatedly acknowledged in the record that he did in fact possess the

9

firearms after he traded for them with his heroin. Thus, as the government states, "[t]he fatal flaw in Abreu's motion lies in his misunderstanding that the §924(c) charge to which he pleaded guilty was premised on the 'use' prong of the statute", however, "as demonstrated clearly and repeatedly, from the language of the indictment to Abreu's guilty plea hearing, the firearms charged was anchored on the 'possession in furtherance of' prong of the statute." *See* Winkelman, 2011 WL 7025927, *7 (court held that defendant's reliance on *Watson* to try and proceed with a §2241 habeas petition under the *Dorsainvil* exception and claim of actual innocence was misplaced since "he fails to prove that he is actually innocent of 'possessing a firearm' in furtherance of a drug trafficking crime, as he was charged with in Count Thirteen, by virtue of his trading drugs in order to obtain guns" and court noted that "[defendant] was charged not only with 'use' of a firearm but also 'possession' of a firearm in Count Thirteen.") (citing United States v. Gardner, 602 F.3d 97, 101-02 (2d Cir. 2010) (trading drugs in order to obtain guns violates the "possession" prong of 924(c) (Winkelman v. Holt, 2009 WL 1314864, at *9 (M.D.Pa. May 8, 2009) ("While the *Watson* case held that a person trading his drugs for firearms did not 'use' a firearm during and in relation to a drug trafficking crime under §924(c)(1)(A), our Petitioner [i.e., John F. Winkelman, Jr.],[ ], was charged and convicted of not only using a firearm but with carrying and possessing firearms.")).

Even though the Third Circuit has not yet addressed the instant issue, as the government recognizes, "every appellate court to consider the issue

has upheld §924(c) convictions under the 'possession' prong in drugs-for-guns trades." (Doc. 63 at 10) (citing United States v. Miranda, 666 F.3d 1280, 1283- 84 (11th Cir. 2012) (citing collecting cases from the First, Second, Fourth, Fifth, Sixth, Seventh, Ninth, and Tenth Circuit Courts of Appeals)).

Accordingly, Abreu's trial counsel cannot be found ineffective regarding her advice as to the §924(c) offense and for advising Abreu to plead guilty to this charge since there was no basis in fact or law to tell him that his conduct did not amount to a violation of §924(c). *See* Real v. Shannon, 600 F.3d 302, 310 (3d Cir. 2010) (Third Circuit held that trial counsel was not ineffective for failing to raise a meritless objection); Washington, 869 F.3d at 204 ("[B]oth deficiency and prejudice must be proven to have a valid [ineffective assistance of counsel] claim for relief.") (citation omitted); Strickland, 466 U.S. at 694 (to establish the prejudice prong the defendant must show that "but for counsel's unprofessional errors, the result of the proceeding would have been different").

Finally, Abreu claims that his counsel was ineffective regarding her advice on the firearms offense arguing that he did not actually possess the firearms since he had not yet received them. He thus appears to be challenging whether a connection was established between the firearms and his drug trafficking activity for purposes of the §924(c) offense. The government states that "Abreu does not contest that he traded heroin for three stolen firearms; only whether he had taken physical possession of them", and that "even if Abreu's factual assertions are assumed true, he

actually, constructively, or jointly possessed the firearms as a matter of law." It further contends that since "Abreu does not contest his intent to obtain the three stolen firearms in a drugs-for-guns trade, his mere [admitted] presence in the same room as the firearms confirms his possession."

In U.S. v. Walker, 657 F.3d 160, 171-72 (3d Cir. 2011), the Third Circuit explained:

> Under 18 U.S.C. §924(c), it is a crime if an individual uses or carries a firearm during and in relation to a drug trafficking crime, or possesses a firearm in furtherance of such a crime. To obtain a conviction under §924(c), "the 'mere presence' of a gun is not enough." Sparrow, 371 F.3d at 853. Rather, the government must present evidence "specific to the particular defendant, showing that his or her possession actually furthered the drug trafficking offense." *Id*. (internal quotation marks omitted). In other words, "the government must show that the defendant possessed the firearm 'to advance or promote criminal activity.' " United States v. Iglesias, 535 F.3d 150, 157 (3d Cir. 2008) (quoting United States v. Bobb, 471 F.3d 491, 496 (3d Cir. 2006)).

Some of the factors the court should consider in deciding whether a firearm was possessed in furtherance of drug trafficking are: "the type of drug activity that is being conducted, accessibility of the firearm, the type of the weapon, whether the weapon is stolen, the status of the possession (legitimate or illegal), whether the gun is loaded, proximity to drugs or drug profits, and the time and circumstances under which the gun is found." *Id.* at 172 (citations omitted).

Additionally, "§924(c) may be violated through the constructive possession of a firearm", which "exists if an individual knowingly has both the power and the intention at a given time to exercise dominion or control over

a thing, either directly or through another person or persons." *Id*. (citation omitted). Thus, "[c]onstructive possession necessarily requires both dominion and control over an object and knowledge of that object's existence." *Id*. (citation omitted). Further, "[c]onstructive possession may be proved by either direct or circumstantial evidence, and it need not be exclusive to a single person." *Id.* (citation omitted).

Here, the facts in the record were more than sufficient to prove that Abreu possessed firearms in furtherance of drug trafficking. When Abreu signed his plea agreement, he also signed an acknowledgment of rights form agreeing that he "actually or constructively possessed" the three firearms, and during his guilty plea hearing, he admitted the veracity of the government's statement that he "actually or constructively possessed those firearms in furtherance of his narcotics activities." It is also worth noting that in his plea agreement and at his guilty plea hearing, he consented to forfeit ownership of the firearms.

As such, Abreu's trial counsel was not ineffective since she correctly told Abreu the legal elements that the government could prove in his case to establish his possession of the firearms in furtherance of drug trafficking. Therefore, Abreu's counsel was not ineffective for failing to advice him that his conduct did not amount to possession of the firearms. *See* Real v. Shannon, 600 F.3d at 310.[3]

---

[3]The court notes that to the extent Abreu now attempts to undermine the validity of his guilty plea by stating in his traverse that he was under the

13

## IV. EVIDENTIARY HEARING

Although Abreu did not specifically request an evidentiary hearing in his §2255 motion, he does request a hearing in his traverse. The government also raises this issue in its brief and contends that no hearing is required. Thus, the court will address whether an evidentiary hearing is appropriate in this case.

"Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States Attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. §2255(b). *See* United States v. Day, 969 F.2d 39, 41-42 (3d Cir. 1992)(The court is required to conduct an evidentiary hearing to ascertain the facts "unless the motion and files and records of the case show conclusively that the movant is not entitled to relief.")(citation omitted). However, the court need not accept the petitioner's allegations as true if they "are unsupported by specifics [or] wholly incredible in the face of the record.") Patton v. United States, 2010 WL 3191887, *1 (W.D. Pa. 2010) (citing United States v. Estrada, 849 F.2d 1304,1307 (10th Cir. 1988)). A

---

influence of medication, the transcript of his plea hearing belies this claim. Specifically, the court asked Abreu, "Are you taking any kind of medication that could affect your ability to understand what we're doing here today?", and he answered, "No, sir." (Doc. 63-1 at 3). Further, there is nothing in the transcript that even remotely shows Abreu did not understand any aspect of the hearing.

14

review of the motion, the traverse and the government's brief, as well as the law and the claims make it clear that Abreu's allegations are wholly unsupported by the record. The court finds that Abreu is not entitled to an evidentiary hearing because the record conclusively establishes that he is not entitled to the relief sought in his §2255 motion. Therefore, the court, in its discretion, finds no reason to hold an evidentiary hearing.

## V. CERTIFICATE OF APPEALABILITY

A petitioner may not file an appeal from a final order unless a district or circuit judge issues a certificate of appealability ("COA") pursuant to 28 U.S.C. §2253(c). A COA shall not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). The petitioner must show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003); *see also* Slack v. McDaniel, 529 U.S. 473, 484 (2000). Here, a COA will not issue because Abreu has shown neither the denial of a constitutional right nor that jurists of reason would disagree with this court's resolution of his claims.

## VI. CONCLUSION

Based on the foregoing, the court finds Abreu fails to show his trial counsel was ineffective or deficient in any way. Therefore, the court **DENIES**

Abreu's §2255 motion. (Doc. 57). An appropriate order shall follow.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: March 26, 2019**

O:\Mannion\shared\MEMORANDA - DJ\CRIMINAL MEMORANDA\2016 CRIMINAL MEMORANDA\16-11-01.wpd